UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VERMECIA PALMER,

    Plaintiff,

                                  CASE NO.:

v.

JBS TRANS LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Vermecia Palmer ("Plaintiff"), by and through undersigned counsel, hereby sues JBS TRANS LLC ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and unpaid wages under Florida common law.

2. Venue is proper in this district, because all of the events giving rise to these claims occurred in Duval County which is in this district.

## PARTIES

3. Plaintiff is a resident of Duval County, Florida.

4. Defendant operates a transportation company based in Hamilton, Ohio.

5. At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193. Defendant is subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through its acts and omissions outside of the State of Florida.

6. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Jacksonville, Florida, in Duval County, Defendant established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

## **GENERAL ALLEGATIONS**

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

12. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendant continues to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

16. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## FACTS

17. Plaintiff began working for Defendant as a Truck Driver in April 2021, and she worked in this capacity until August 2021.

18. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that she worked.

19. Defendant would deduct random amounts from Plaintiff's paycheck and would provide varying, but false, reasons for the deductions.

20. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a weekly salary as a percentage of the freight delivered plus detention pay for the occasions in which Defendant's truck was broken and could not be driven.

21. Defendant's truck broke down several times, causing Plaintiff to have to stay with the broken down vehicle and resulting in the delay of delivery of the freight.

22. Defendant also withheld detention pay from Plaintiff's paycheck despite such pay being part of her agreed upon compensation.

23. Defendant failed to pay Plaintiff all wages owed to her, including the detention pay and the amounts wrongfully withheld by Defendant.

24. Defendant also failed to pay Plaintiff at all for the last two weeks in which she performed work for the Defendant.

25. Plaintiff's detention pay and wrongfully withheld deductions constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

26. Defendant's failure to pay Plaintiff all of her wages, including her detention pay, withheld deductions, along with her compensation for her final two week' worth of work, was willful.

27. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29. During the statutory period, Plaintiff worked for Defendant, and she was not paid a minimum wage for the hours that she worked, as mandated by the FLSA.

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA UNPAID WAGES

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

33. During the statutory period, Plaintiff worked for Defendant, and Defendant agreed to pay Plaintiff for her services.

34. Defendant consistently made deductions from Plaintiff's wages to cover the cost of random supplies that Defendant required Plaintiff to purchase.

35. Defendant's practice of unlawfully deducting these monies from Plaintiff's wages constitutes a failure to pay the federal minimum wage to employees for hours worked, in violation of the FLSA.

36. By unlawfully deducting these monies from Plaintiff's wages, Defendant obtained "kickbacks" from Plaintiff, in violation of 29 C.F.R. § 531.35.

37. Defendant's unlawful deduction practices violate the provisions of the FLSA.

38. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid wages as measured by Defendant's unlawful deductions, as liquidated damages;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

    c) A jury trial for all issues so triable;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

41. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for her services.

42. Defendant failed to pay Plaintiff all "wages" owed to her, including her detention pay, wrongfully withheld deductions, and pay for her final two weeks of work.

43. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable. Dated this 1st day of December, 2022.

Respectfully submitted,

*Amanda E. Heystek*
_____
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**