# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

VERMECIA PALMER,

    Plaintiff,

v.

JBS TRANS LLC,

    Defendant.

_____/

Case No: 3:22-cv-01315-HLA-PDB

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGEMENT AGAINST JBS TRANS LLC.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, Vermecia Palmer ("Plaintiff"), moves for the entry of a Default Final Judgment against Defendant, JBS Trans LLC. ("Defendant").  In support thereof, Plaintiff states as follows:

## BACKGROUND

1.    On November 29, 2022, Plaintiff filed a Complaint against Defendant alleging violation of the Fair Labor Standards Act ("FLSA"), and also seeking to recover unpaid wages under Florida common law and the FLSA.

2.    On December 5, 2022, Defendant was served with a Summons and a copy of Plaintiff's Complaint as evidenced by the Return of Service.  (Doc. 6).

3.    Despite being served with a Summons and a copy of Plaintiff's Complaint, Defendant has failed to respond to the Complaint.  Plaintiff filed a

1

Motion for Clerk's Default (*see* Doc. 7) on January 26, 2023, and a Clerk's Default was entered on February 2, 2023. (Doc. 8).

    4.    Plaintiff now respectfully files this Motion for Default Final Judgment and requests this Honorable Court enter a Default Final Judgment in her favor and against Defendant.

## ARGUMENT

### I. LEGAL STANDARD.

Rule 55 of the Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when Defendants fail to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the Defendant so long as the Defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the Defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

### II. PLAINTIFF'S WELL-PLED ALLEGATIONS SUPPORT ENTRY OF A DEFAULT FINAL JUDGMENT.

#### A. Jurisdiction.

The Court has subject matter jurisdiction over this case based on federal question jurisdiction under 28 U.S.C. § 1331 because the well-pleaded allegations of Plaintiff's complaint seek relief against Defendant for violations of the FLSA,

raising a federal question. (Doc. 1, ¶¶ 1 - 27). Additionally, this Court has supplemental jurisdiction over Plaintiff's common law unpaid wage claim pursuant to 28 U.S.C. § 1367, because the acts and omissions that give rise to Plaintiff's FLSA claim are the same acts and omissions that give rise to Plaintiff's unpaid wage claims. (Doc. 1, ¶ 25). *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984) ("To exercise pendent jurisdiction over state law claims not otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact.' " (quoting *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir. 1981) ).

### B. Counts I and II.

An employee engaged in interstate commerce must be paid a minimum wage for all hours worked, *see* 29 U.S.C. § 206(a)(1). *See* 29 U.S.C. § 207. In order to establish a minimum wage claim under the FLSA, a plaintiff must allege that 1) she was employed during the time period involved, 2) she was engaged in commerce or the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce, and 3) that the employer failed to pay the minimum wage required by law. *See Eleventh Circuit Pattern Jury Instructions – Civil 4.14* (2013). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the [FLSA]." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).

### 1. Plaintiff is Covered Employee Pursuant to the FLSA.

A defaulting party is deemed to have admitted all well-pled allegations in the complaint. *Crowley Liner Servs. v. Transtainer Corp.*, Case No. 06-21995-CIV-O'SULLIVAN, 2007 U.S. Dist. LEXIS 37815, at *4 (S.D. Fla. May 24, 2007). As to whether a plaintiff was a covered employee under the FLSA, a plaintiff need only demonstrate: (1) that the Defendant employed him or her; and 2) that either (a) he was engaged in interstate commerce, or (b) Defendant is an enterprise engaged in interstate commerce. *See Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is similarly broad, as it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee". 29 U.S.C. § 203(d).

In the instant case, Plaintiff's Complaint contains all of the allegations required to state a claim under the FLSA for failure to pay Plaintiff the minimum wage. For instance, Defendant was engaged in interstate commerce, (Doc. 1, ¶¶ 10-16), employed Plaintiff from April to August, 2021, (Doc. 1, ¶ 17), and failed to pay Plaintiff at all for her last two weeks of work, (Doc. 1, ¶ 24). As described herein, Plaintiff identified the basis of the Court's jurisdiction –28 U.S.C. § 1331 and 28 U.S.C. § 1367.

Plaintiff's Complaint also sufficiently alleges both individual and enterprise coverage under the FLSA. Specifically, Plaintiff alleges in her Complaint that, at all times material, she was engaged in commerce or in the production of goods for commerce within the meaning of Sections 6 and 7 of the FLSA (Doc. 1, ¶ 14), that Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s), (Doc. 1, ¶¶ 14-15), that, as part of her regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce, (Doc. 1, ¶ 17), and that Defendant's annual gross sales volume exceeded $500,000 per year. (Doc. 1, ¶ 15).

At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid a minimum wage for all of the hours that she worked. (Doc. 1, ¶¶ 17- 27). Defendant deducted the cost of supplies for its own truck as well as withholding promised detention pay. (Doc. 1, ¶¶ 19-22). In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff a percentage of the truck's freight plus detention pay. (Doc. 1, ¶ 2o). Defendant failed to pay Plaintiff all wages owed to her, including amounts she would have earned had the Defendant not withheld monies for alleged supplies for its own truck and the promised detention pay. (Doc. 1, ¶ 23).

These allegations are sufficient to state a claim for a violation of the FLSA. *See Gonzalez v. Unidad of Miami Beach, Inc.*, Case No. 11-20649-CIV-HUCK, 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) ("This Court has previously held that a complaint alleging that Defendant's employees 'regularly sold, handled, or

otherwise worked on goods and/or materials that had been moved or produced for commerce,' and that Defendant 'was an enterprise engaged in commerce … as defined by the FLSA,' was sufficient under the pleading standards of Rule 8(a)"). Therefore, Plaintiff has sufficiently alleged that Defendant was an employer under the FLSA, that she was an employee under the FLSA, and that Defendant failed to pay Plaintiff minimum wage in accordance with the FLSA for all hours worked. The same is true as to Plaintiff's unpaid wages count.

### 2. Plaintiff Suffered Easily Calculable Damages of a Sum Certain Because of Defendant's Failure to Pay the Federal Minimum Wage.

Plaintiff alleges that she worked hours at the direction of Defendant (Doc. 1, ¶ 18), and that she was not paid at least the applicable FLSA minimum wage and other wages owed under the common law. Specifically, she includes the following computations:

- Defendant did not pay Plaintiff her final paycheck which covered a pay period of two weeks, thus creating a violation of the FLSA for the federal minimum wage. Thus Plaintiff seeks:

    a. Minimum wage: $7.25 (federal minimum wage) x 80 hours = $580.00

    b. Liquidated damages: $580.00

- In addition to the minimum wage owed, Plaintiff also seeks the unpaid wages she is owed as the difference between the minimum wage and the agreed upon compensation. She was to be paid Fifty (50) Cents ($0.50) for each mile that she drove. Her final paycheck would have been Three

6

> Thousand and Five Hundred Dollars ($3,500.00) less the $580 of minimum wage owed, if granted by this Court - $2,920.00
>
> - Defendant also owes Plaintiff, as unpaid wages, a further Seven Hundred and Seventy Dollars ($770.00) in wages because it made and subsequently reversed a deposit to her bank account.
>
> - Lastly, Defendant made unlawful deductions, such as for supplies and withholding detention pay, of approximately Two Thousand and Five Hundred Dollars ($2,500.00) from her paychecks throughout her tenure with the company.
>
> - Therefore, Defendant owes Plaintiff, Six Thousand, Seven Hundred and Seventy Dollars ($6,770.00) in wages and Five Hundred Eighty Dollars ($580.00) in liquidated damages.

(*See* Plaintiff's Declaration, attached as **Exhibit "A"**).

Because Defendant has failed to participate in this case, Plaintiff's Sworn Declaration (Exhibit "A") is the best evidence of hours worked. Such approximations of hours worked by an employee are acceptable when there are no time records available. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58 (2d Cir. 1997). "Inaccurate wage and hour information, however, is not always fatal to a claim for . . . overtime compensation under the [FLSA]. Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute [29 U.S.C. §211(c)], imprecise evidence on quantum can provide a 'sufficient basis' for

7

damages." *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980). "Under these circumstances, we have 'in effect ordered the fact finder to do the best he could in assessing damages.'" *Reeves*, 616 F.2d at 1351 *See also Anderson*, 328 U.S. at 687-88.

### III. PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS.

As a result of Defendant's willful failure to lawfully compensate Plaintiff, Plaintiff also seeks an award of attorneys' fees in the amount of $5,000. Pursuant to the FLSA, an employer who fails to comply with the FLSA with respect to any employee is liable to such employee in a successful action for a reasonable award of attorneys' fees as determined by the Court. 29 U.S.C. § 216(b); *see Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (noting that 29 U.S.C. § 216(b) makes fee awards to prevailing plaintiffs mandatory). Accordingly, because Defendant failed to respond to this lawsuit, Plaintiff is the prevailing party in this case and an award of attorneys' fees and costs is justified.

Once the Court has determined that a party is entitled to fees, the Court next addresses the calculation of fees. The Court is deemed an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Parrot, Inc.*, 2010 U.S. Dist. LEXIS 16128, at *18-19 (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

Here, Plaintiff requests an award of attorneys' fees in the amount of Five Thousand Dollars ($5,000). Plaintiff contends that the hourly rate requested ($500) comports with the prevailing market rates charged in similar cases by attorneys with comparable skill, reputation, and experience and is thus reasonable. *See, e.g., Wiles v. Astrue*, 2011 U.S. Dist. LEXIS 24894, 4 (M.D. Fla. 2011) (approving rates of $700 per hour in a contingency fee case). The undersigned had this same rate recently approved in *Wright v. Highlands County Sheriffs Office*, Case No.: 21-14244-CV-MIDDLEBROOKS (S.D. Fla. January 3, 2022, *see* Order Granting Attorney Fees, Doc. 43). (*See* Declaration of Amanda E. Heystek, attached as **Exhibit "B"**).

Finally, Plaintiff seek to recover $574.95 in costs (filing fee and process fee), which is supported by a signed affidavit. Declaration of Amanda E. Heystek, ¶ 9. (Exhibit "B"). Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The language of Rule 54 creates a presumption in favor of awarding costs to the prevailing party, which presumption the losing party must rebut. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow... costs of the action." 29 U.S.C. § 216(b). In FLSA cases, courts may tax those costs permitted by 28 U.S.C. § 1920. The costs requested by the Plaintiff in this action constitute taxable costs pursuant to 28 U.S.C. § 1920 and therefore should be awarded. *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *15 (M.D. Fla. Aug. 11, 2008) (permitting an award of costs for, among other things, the filing fee); *Gomes*, 2007 WL 737584, at *5 (awarding the costs of the filing fee to a prevailing plaintiff in a FLSA action). Thus, Plaintiff seeks an award of Attorney's fees and costs in the amount of $5,574.95.

## **CONCLUSION**

In sum, Plaintiff's minimum wage damages are approximately $7,350.00, excluding fees and costs. Plaintiff has incurred approximately $5,574.95 in

attorneys' fees and costs. Thus, the total judgment Plaintiff seeks against Defendant totals $12,924.95.

**WHEREFORE**, Plaintiff moves this Honorable Court for a final judgment against Defendant totaling $12,924.95.

**DATED** this 7th day of March, 2023.

                           Respectfully submitted,

                           *s/ Amanda E. Heystek*
                           **AMANDA E. HEYSTEK**
                           Florida Bar Number: 0285020
                           Direct Dial: 813-379-2560
                           **WENZEL FENTON CABASSA, P.A.**
                           1110 N. Florida Avenue, Suite 300
                           Tampa, Florida 33602
                           Main Number: 813-224-0431
                           Facsimile: 813-229-8712
                           Email: aheystek@wfclaw.com
                           Email: rcooke@wfclaw.com
                           Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March, 2023, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system and will be sent to all counsel of record. I further certify that I mailed a true and accurate copy of the foregoing document and the notice of electronic filing by U.S. First-Class Mail to the following non-CM/ECF participants:

Registered Agent Name & Address
JBS Trans, LLC
c/o Barno Sharakhmedova, Registered Agent
9582 Woodland Hills Dr.
Hamilton, OH 45011

                           *s/ Amanda E. Heystek*
                           **Amanda E. Heystek**